

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 15, 1957.

Honorable Joe Resweber
County Attorney
Harris County
Houston 2, Texas.

Opinion No. WW-130

Re:Can a former elected
    official, now an appoint-
    ive county employee, add
    his prior service as an
    elected official to his
    service as a county
    employee for the purpose
    of receiving a county
    pension?

Dear Mr. Resweber:

This Opinion is in reply to your request of May 2, 1957, in which you ask the following question:

"Can a former elected official, now an appointive County Employee, add his prior service as an elected official to his service as a County Employee for the purpose of receiving a County pension?"

Section 62 (b), Article XVI of the Constitution of Texas provides in part:

"Each county shall have the right to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the county. . . ."

Section 62 (a) of Article XVI of the Constitution of Texas provides in part:

"The Legislature shall have the right to levy taxes to provide a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the State; . . ."

Pursuant to this constitutional authorization, the Legislature provided for a retirement system for state employees in Acts of the 50th Legislature, Regular Session, ch. 352, p. 697, which, as amended, appears as Article

6228a, Vernon's Civil Statutes.

In Farrar, et al v. Board of Trustees of Employees' Retirement System of Texas, et al, 150 Tex. 572, 243 S.W.2d 688, (1951), the Court in dealing with the provisions of Article 6228a, speaks of Section 62 (a), Article XVI of the Constitution of Texas and says:

> "Construing that amendment in the light of its purpose, we have no doubt that, just as they had already done for the teachers, the people meant to limit the benefits of that fund to appointed officers and employees of the state; . . ."

The provisions of subsections (a) and (b) of Section 62, Article XVI of the Constitution of Texas are identical insofar as they both provide that the Legislature shall have the right to levy taxes to provide for the retirement plan for the appointive officers and employees of the respective political divisions. Therefore, when the Supreme Court of Texas holds that the benefits of the retirement plan, as to state employees, are to be limited to appointed officers and employees, it is our opinion that the statement may be cited as authority in regard to county employees as well.

In addition to the opinion in the Farrar case, the clear ommision of any reference to elective officials in the constitutional amendment, coupled with the express reference to appointive officials in the same amendment, requires us to hold that in our opinion a former elected official, who is now an appointive county employee, may not add his prior service as an elected official to his service as a county employee for the purpose of receiving a county pension. For this reason your question must be answered in the negative.

### SUMMARY

A former elected official, now an appointive county employee, may not add his prior service as an elected official to his service as a county employee for the purpose of receiving a county pension.

Yours very truly,

WILL WILSON
Attorney General

By *Wayland C. Rivers Jr.*

Wayland C. Rivers, Jr.
Assistant

WCR:jl:rh

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler,
            Chairman
James W. Wilson
Ralph R. Rash
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL

By:  Geo. P. Blackburn